Vincent A. Lupiano, J.
Motions numbered 78 and 81 have been considered together.
The third-party defendants Arenoff and Farber, doing business as Chic Luggage and Novelty Co., have moved under rule 113 of the Buies of Civil Practice for summary judgment in their favor dismissing the third-party complaint against them of Freeman, the defendant herein and third-party plaintiff.
This motion by the third-party defendants has precipitated a motion by the defendant Freeman, also under rule 113 of the Buies of Civil Practice, to dismiss the complaint in chief. *141 The facts are as follows: The plaintiff, Johnson, was in the general employ of the defendants Arenoff and Farber. It is not disputed that he was a worker in the shop and not an outside man or a helper on a truck. These third-party defendants, Arenoff and Farber, were accustomed to have their merchandise delivered by the defendant Freeman, owner of a truck. On a particular day in October, 1956, the defendant Freeman’s driver was ill and not available, and what evidently happened was that Freeman loaned her truck, for compensation or otherwise, for the day in question, to the defendants Arenoff and Farber, who caused one of their own employees named Mazzeo to drive it. The plaintiff Johnson went along on the truck in order to help Mazzeo. An accident happened and Mazzeo, the driver, was killed. Johnson was injured. He sued the defendant Freeman at common law for negligence, in this action, and Freeman has served a third-party complaint upon Arenoff and Farber.
The matter has been before the Workmen’s Compensation Board. Johnson there made a claim against the third-party defendants, Arenoff and Farber, his general employers. The board (reversing the Referee) held that Johnson was. injured in the course of his employment by Arenoff and Farber. Johnson has thus received compensation from Arenoff and Farber. He nevertheless sues Freeman at common law, asserting that at the time of the accident he was a passenger in a motor vehicle owned by the defendant.Freeman and operated by Mazzeo with the knowledge, permission and consent of Freeman (cf. Vehicle and Traffic Law, § 59); and also, of the first importance in the present action, he alleges that Mazzeo was, at the time of the accident, the agent or employee of the defendant Freeman.
The answer of the defendant Freeman contains a general denial but no affirmative defense based upon the Workmen’s Compensation Law.
The third-party complaint of Freeman against Arenoff and Farber is predicated upon the alleged affirmative negligence of Arenoff and Farber’s employee, Mazzeo.
It appears that Mazzeo’s mother also brought on a claim before the Workmen’s Compensation Board against Mazzeo’s employers, Arenoff and Farber, and an award was made in her favor, the board having found that at the time he suffered his fatal injuries Mazzeo was in the employ of the defendants Arenoff and Farber. Johnson, the plaintiff herein, however, was not a party to the proceeding before the board which resulted in the award in favor of Mazzeo’s mother, so that in no sense can this award be binding upon him. Similarly, it cannot be binding upon the defendant Freeman, who also was not a party to the Mazzeo proceeding before the board.
*142 There are two recent decisions in the Court of Appeals, which held for the the first time, and it is necessary to consider these cases, that one who has been injured in the course of his employment through the tortious acts of a coemployee, occurring while the injured person and his coemployee were engaged in a common employment, can have no recovery against the owner of the motor vehicle driven by his coemployee, even though such owner would otherwise be liable under section 59 of the Vehicle and Traffic Law (Naso v. Lafata, 4 N Y 2d 585; Rauch v. Jones, 4 N Y 2d 592). Thus, although the defendant Freeman’s vehicle was being used at the time of the accident with Freeman’s consent, it follows that Freeman could not be liable to the plaintiff if Mazzeo, at the time of the accident was an employee of the third-party defendants Arenoff and Farber, which is what the Workmen’s Compensation Board held in granting an award to Mazzeo’s mother against Arenoff and Farber.
However, the award of the Workmen’s Compensation Board could not possibly be binding upon the plaintiff Johnson, who was not a party to the proceeding in which it was made. The question clearly remains open as to whether Mazzeo, at the time of the accident, was not an employee of Freemau. If Mazzeo, at the time of the accident, was in the special employ of Freeman, then Johnson, the plaintiff herein, may have a recovery at common law against Freeman and such recovery would not be based upon section 59 of the Vehicle and Traffic Law, but simply upon the circumstance that the truck was being-operated and controlled by the defendant Freeman, through its special employee Mazzeo. The effect of Naso (supra), and of Rauch (supra), is simply to prevent a recovery under section 59 of the Vehicle and Traffic Law where the motor vehicle is merely the instrument causing the injury, but is at the time an instrument being- used by a coemployee of the person injured. (Freeman, of course, could also show that Johnson was in her special employ along with Mazzeo.)
What Johnson, in effect, argues to this court is this: that although the Workmen’s Compensation Board has held that Mazzeo, at the time of the accident, was acting as an employee of the third-party defendants Arenoff and Farber, this finding-in a proceeding to which he was not a party is not binding upon him; but the fact may be that Mazzeo, at the time in question, was actually in the special employ of the defendant Freeman. Johnson was not a party or privy to the arrangement between Freeman on the one hand and Arenoff and Farber on the other *143 hand under which the truck was being used on the day in question; thus the circumstances and the underlying facts of this arrangement are not within his knowledge but are peculiarly within the knowledge of Freeman and of Arenoff and Farber. The case should therefore be tried as the trial may develop facts v/hich will show that the truck was actually being operated, when Johnson was injured, by Freeman, through Mazzeo as Freeman’s employee. If this is so, and if Johnson establishes negligence on the part of Mazzeo, Johnson may recover at common law against the defendant Freeman, provided he, too, was not in the special employ of Freeman. He is therefore entitled to a trial.
It is significant in this connection that the defendant Freeman has not pleaded an affirmative defense based upon the Workmen’s Compensation Law, and her pleading is not sufficient to sustain her position that she should have judgment on the basis of the Workmen’s Compensation Law. It does not appear even that she carried workmen’s compensation insurance coverage.
Accordingly, the motion of the defendant Freeman for summary judgment under rule 113 of the Rules of Civil Practice is denied.
It does not follow that the third-party action of Freeman against Arenoff and Farber should proceed to trial. As previously indicated, there is only one theory upon which the plaintiff can have a recovery against Freeman, and that is, if Mazzeo was Freeman’s special employee at the time of the accident. Now, if Mazzeo was not Freeman’s employee at the time of the accident, the plaintiff cannot possibly recover against Freeman in view of the Naso case (supra), and the Rauch case {supra); on the other hand, if Mazzeo was in the special employment of the defendant Freeman at the time oi the accident, by application of the respondeat superior rule, Freeman is an active tort-feasor in relation to Arenoff and Farber, the third-party defendants, and for that reason is not entitled to be indemnified by the latter.
Therefore, the motion of the third-party defendants Arenoff and Farber for summary judgment is necessarily granted.
An order will be made herein, denying the motion of the defendant Freeman for summary judgment under rule 133 of the Rules of Civil Practice and granting the motion of the third-party defendants Arenoff and Farber for summary judgment under that rule, dismissing the third-party complaint herein. Upon the entry of judgment in accordance with such order, the action, will be deemed severed so that it may continue with respect to the complaint in chief. Settle order.